SEL/MBG/sly  9/23/16  16-041  #21683

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| KENNETH BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS J. DART, COOK COUNTY SHERIFF, | ) | |
| COUNTY OF COOK, | ) | |
| GERALD BUSTOS, | ) | |
| ROCK ISLAND COUNTY SHERIFF, COUNTY OF | ) | NO. |
| ROCK ISLAND, | ) | |
| MICHAEL DOWNEY, KANKAKEE COUNTY SHERIFF, | ) | |
| COUNTY OF KANKAKEE, | ) | |
| CHAD KOLITWENZEW, Chief of Corrections of | ) | |
| Jerome Combs Detention Center, | ) | |
| BRENT HUFFINES, PA | ) | |
| TRINITY MEDICAL CENTER, d/b/a TRINITY ROCK | ) | |
| ISLAND, | ) | |
| CALEB PANIAMOGAN, D.O., | ) | |
| GHASOUB HARB, M.D., | ) | |
| UROLOGICAL ASSOCIATES, P.C., | ) | |
| PRESENCE HEALTH, | ) | |
| PRESENCE ST. MARY'S HOSPITAL, | ) | |
| BIPIN BHAYANI, M.D., | ) | |
| BIPIN BHAYANI, M.D., S.C., | ) | |
| CLYDE DAYHOFF, D.O., | ) | |
| THE MEDICAL GROUP OF KANKAKEE COUNTY, | ) | |
| WOO CHAN KIM, M.D. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiff, KENNETH BELL, by and through his attorneys, SUSAN E. LOGGANS &

ASSOCIATES, P.C., complains against the Defendants, jointly and severally, as follows:

EXHIBIT A

<u>COMMON ALLEGATIONS</u>

1.     At all times relevant, Plaintiff, KENNETH BELL, was a citizen of the State of Illinois, United States of America, and was entitled to all of the rights, privileges and immunities accorded to all citizens of the United States of America.

2.     At all times relevant, KENNETH BELL was a resident of the City of Chicago, County of Cook, State of Illinois.

3.     At all times relevant, Defendant, THOMAS J. DART, was a resident of Cook County, and the elected Sheriff of Cook County and keeper of the jail, and as such, was responsible for the care of the inmates, the operation and maintenance of the jail and the training, supervision and instruction of the administrative staff, Deputy Sheriffs, Special Deputy Sheriffs, and the medical personnel in the performance of their duties.

4.     At all times relevant, Defendant, THOMAS J. DART, was responsible for overseeing, managing and operating the Cook County Department of Corrections ("CCDOC"), including Cermak Health Services ("Cermak"), a separate department within the CCDOC responsible for providing adequate health care to inmates of the CCDOC.

5.     Defendant, THOMAS J. DART, is an elected statutory county official for the County of Cook and is not afforded protection under Article 11 of the United States Constitution.

6.     Defendant, COUNTY OF COOK, a municipal corporation, is a subdivision of the State of Illinois pursuant to the laws of the State of Illinois, and is responsible for providing and recognizing proper treatment and medical services for the inmates and/or detainees at the Cook County Jail.

2

7.     Thomas Dart, Cook County Sheriff, Cook County Department of Corrections, Cook County Jail, Cermak Health Services, and County of Cook are collectively referred to herein as "COOK COUNTY DEFENDANTS."

8.     At all times relevant, Defendant GERALD BUSTOS, was the elected Sheriff of Rock Island County and keeper of the jail and as such, was responsible for the care of the inmates, the operation and maintenance of the jail and the training, supervision and instruction of the administrative staff, Deputy Sheriffs, Special Deputy Sheriffs, and the medical personnel in the performance of their duties.

9.     Defendant, GERALD BUSTOS, is an elected statutory county official for the County of Rock Island and is not afforded protection under Article 11 of the United States Constitution.

10.     Defendant, COUNTY OF ROCK ISLAND, a municipal corporation, is a subdivision of the State of Illinois pursuant to the laws of the State of Illinois, and is responsible for providing and recognizing proper treatment and medical services for the inmates and/or detainees at the Rock Island Jail.

11.     Gerald Bustos, Rock Island County Sheriff, Rock Island Jail, County of Rock Island, are collectively referred to herein as "ROCK ISLAND COUNTY DEFENDANTS."

12.     At all times relevant, Defendant, MICHAEL DOWNEY, was the elected Sheriff of Kankakee County and keeper of the jail and as such, was responsible for the care of the inmates, the operation and maintenance of the jail and the training, supervision and instruction of the administrative staff, Deputy Sheriffs, Special Deputy Sheriffs, and the medical personnel in the performance of their duties.

13.     Defendant, MICHAEL DOWNEY, is an elected statutory county official for the County of Kankakee and is not afforded protection under Article 11 of the United States Constitution.

14.     Defendant, COUNTY OF KANKAKEE, a municipal corporation, is a subdivision of the State of Illinois pursuant to the laws of the State of Illinois, and is responsible for providing and recognizing proper treatment and medical services for the inmates and/or detainees at the Jerome Combs Detention Center.

15.     At all times relevant, Defendant, CHAD KOLITWENZEW, was the Chief of Corrections of the Jerome Combs Detention Center and responsible for overseeing, managing and operating the Jerome Combs Detention Center.

16.     At all times relevant, Defendant, BRENT HUFFINES, P.A., was a physician assistant licensed to practice in the State of Illinois, and an employee/agent of Jerome Combs Detention Center.

17.     Michael Downey, Kankakee County Sheriff, Jerome Combs Detention Center, Chad Kolitwenzew, Brent Huffines, P.A., are collectively referred to herein as "KANKAKEE COUNTY DEFENDANTS."

18.     At all times relevant, Defendant, TRINITY MEDICAL CENTER d/b/a Trinity Rock Island ("TRINITY"), was a corporation licensed to do business in the State of Illinois, engaged in the operation of a certain medical facility and hospital, which provided rooms, drugs, medical services, equipment, and personnel, including physicians, nurses, technicians, and therapists, for the care and treatment of patients, including Plaintiff, KENNETH BELL.

19.     At all times relevant, Defendant, CALEB PANIAMOGAN, D.O., was a physician licensed to practice medicine in the State of Illinois.

20.     At all times relevant, Defendant, GHASOUB HARB, M.D., was a physician licensed to practice medicine in the State of Illinois.

21.     At all times relevant, Defendant, UROLOGICAL ASSOCIATES, P.C., was a professional corporation employing various physicians, including GHASOUB HARB, M.D.

4

22.     At all times relevant, Defendant, PRESENCE HEALTH ("PRESENCE"), was a corporation engaged in the business of operating medical facilities and hospitals, including the Defendant, PRESENCE ST. MARY'S HOSPITAL, which provided rooms, drugs, medical services, equipment, and personnel, including physicians, nurses, technicians and therapists, for the care and treatment of patients, including Plaintiff, KENNETH BELL.

23.     At all times relevant, Defendant, BIPIN BHAYANI, M.D., was a physician licensed to practice medicine in the State of Illinois and an employee of the Defendant, BIPIN BHAYANI, M.D., S.C.

24.     At all times relevant, Defendant, CLYDE DAYHOFF, D.O., was a physician licensed to practice medicine in the State of Illinois and an employee of the Defendant, THE MEDICAL GROUP OF KANKAKEE COUNTY.

25.     At all times relevant, Defendant, WOO CHAN KIM, M.D., was a physician licensed to practice medicine in the State of Illinois.

26.     On or about June 5, 2012, Plaintiff was arrested on a bench warrant and lodged at Cook County Jail to await trial.

27.     On or about April 28, 2014, Plaintiff was moved by the COOK COUNTY DEFENDANTS from Cook County Jail to Cermak, where he was diagnosed with a ureteropelvic junction obstruction, and subsequently underwent a cystoscopy and left ureteral stent placement performed by Patricia Vidal, M.D.

28.     Plaintiff was returned to Cook County Jail on April 28, 2014, where he remained incarcerated.

29.     Plaintiff was seen by Dr. Vidal at Cermak on June 13, 2014, at which time he complained of left flank pain. At that time, Plaintiff was told by Dr. Vidal that the stent would have to be replaced by July of 2014, but in no event later than August of 2014.

30.     At all times relevant, the COOK COUNTY DEFENDANTS knew that a replacement stent was a medical necessity, and that in order to meet their obligation to provide adequate medical care to the Plaintiff, the stent would have to be replaced by July of 2014, but in no event later than August of 2014.

31.     Upon returning to Cook County Jail after seeing Dr. Vidal on June 13, 2014, Plaintiff continued to complain of left flank pain.

32.     On or about July 9, 2014, Plaintiff was transferred by the COOK COUNTY DEFENDANTS to Rock Island County Jail.

33.     On and after July 9, 2014, while incarcerated at Rock Island Jail, Plaintiff continued to complain of left flank pain and his need for stent replacement.

34.     At all times relevant, the ROCK ISLAND COUNTY DEFENDANTS knew that a replacement stent was a medical necessity, and that in order to meet their obligation to provide adequate medical care to the Plaintiff, the stent would have to be replaced by July of 2014, but in no event later than August of 2014.

35.     On or about July 26, 2014, Plaintiff was transported by ROCK ISLAND COUNTY DEFENDANTS to the emergency department of TRINITY ROCK ISLAND, with complaints of left flank pain. At that time, he was seen and evaluated by CALEB PANIAMOGAN, D.O. who, in turn, consulted with urologist, GHASOUB HARB, M.D., and together they determined that Plaintiff had a ureteral obstruction probably related to stent failure, and that Plaintiff needed to be seen by GHASOUB HARB, M.D. the following week.

36.     On August 6, 2014, with full knowledge of Plaintiff's medical condition and the urgent need for a stent replacement, the COOK COUNTY DEFENDANTS and/or ROCK ISLAND COUNTY DEFENDANTS transferred Plaintiff from Rock Island Jail back to Cook County Jail.

37.     Upon returning to Cook County Jail, Plaintiff continued to complain of left flank pain and requested replacement of the stent.

6

38.     On or about August 14, 2014, rather than sending Plaintiff back to Cermak for evaluation by Dr. Patricia Vidal and to address his complaints of left flank pain and to replace of the ureteral stent, the COOK COUNTY DEFENDANTS transferred Plaintiff to Jerome Combs Detention Center in Kankakee, Illinois.

39.     Upon his arrival at Jerome Combs Detention Center, Plaintiff continued to complain of left flank pain, as well as blood in his urine.  On August 18, 2014, Plaintiff was seen at the jail by a physician assistant, Brent Huffines, P.A. and Nurse Heather Pasel, each of whom were employees/agents of Jerome Combs Detention Center acting within the scope of their authority, with complaints of pain with urination and blood in his urine.  His condition was diagnosed as acute cystitis and he was given an antibiotic for a presumed infection.  Plaintiff specifically discussed with them that the stent needed to be replaced.

40.     On or about August 27, 2014, Plaintiff was next seen by DR. CLYDE DAYHOFF and DR. BIPIN BHAYANI at PRESENCE ST. MARY'S HOSPITAL, at which time they diagnosed a left ureteral pelvic junction obstruction and scheduled a cystoscopy and surgery to replace the stent.  However, the surgery was not scheduled until September 25, 2014, nearly 30 days after the deadline for the replacement of the stent.

41.     At all times relevant, the KANKAKEE COUNTY DEFENDANTS knew that a replacement stent was a medical necessity, and that in order to meet their obligation to provide adequate medical care to the Plaintiff, the stent would have to be replaced by July of 2014, but in no event later than August of 2014.

42.     On September 25, 2014, Plaintiff was transported from Jerome Combs Detention Center to PRESENCE ST. MARY'S HOSPITAL where he underwent surgery performed by Dr. BIPIN BYAYANI to replace the stent.  DR. WOO CHAN KIM was the anesthesiologist. Upon manipulation of the stent by DR. BYAYANI, Plaintiff experienced a sudden drop in blood pressure and went into cardiac arrest and remained in a coma for weeks.

7

<u>COUNT I</u>
(COOK COUNTY DEFENDANTS)
Violation of Civil Rights pursuant to the Eighth and Fourteenth
Amendments of the Constitution and 42 U.S.C §§ 1983 and 1988

43.     Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

44.     That the acts and omissions of any actions by the COOK COUNTY DEFENDANTS in their individual and official capacities under the under the Eighth and Fourteenth Amendments to the Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of the state law and were unreasonable and performed knowingly, wantonly, recklessly, maliciously, with gross negligence, callousness, and with deliberate indifference to Kenneth Bell's well being and serious medical needs and in reckless disregard of his safety and thereby caused him to suffer the unnecessary and reckless infliction of pain and suffering by the failure to obtain medical treatment and because of which Plaintiff is entitled to compensatory and punitive damages.

45.     That the conduct of COOK COUNTY DEFENDANTS and all of their employees, agents and/or ostensible agents, were actions under the color of the state law when they deprived Plaintiff Kenneth Bell of his clearly established rights, privileges and immunities in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

46.     That the conduct of COOK COUNTY DEFENDANTS was pursuant to, and in execution and implementation of the color of state law and was an officially sanctioned policy, regulation or custom of each of the named Defendants.

47.     That the COOK COUNTY DEFENDANTS exhibited deliberate indifference, pursuant to the Eighth and Fourteenth Amendments to the Constitution, to serious medical needs, to-wit:

a.  Failure to train deputy sheriffs, correction officers and jail administrators as

8

well as medical personnel at the County Jail in the proper determination of medical emergencies and such omitted training was in willful and wanton disregard for Kenneth Bell's serious medical needs and were grossly negligent and reckless acts.

b. Failure to hire individuals whose character and personality would not pose a potential danger to Kenneth Bell.

c. Failure to determine the immediate need for medical attention by both the Defendant jail personnel and the medical providers and the failure to recognize the danger of an inmate experiencing a severe medical disorder and failure to obtain proper medical attention for a prisoner whose dire condition necessitated prompt medical attention.

d. Knowingly and recklessly hired and trained as correction officers, jail administrators, physicians, nurses and/or other medical personnel who are unable to determine serious medical conditions which render them unfit to perform the necessary duties of the position.

e. Knowingly and recklessly failing to discipline, instruct, supervise or control correctional officers, jail personnel, physicians, nurses and/or other medical personnel conduct and thereby encouraging acts and omissions that contributed to the injuries visited upon Kenneth Bell.

f. Recklessly, intentionally and/or willfully denying medical care to an inmate they knew needed serious medical attention.

48.  That COOK COUNTY DEFENDANTS, individually, or through their employees and/or agents, participated in the implementation, execution, and omission of the official policies, training, practices, regulations, and/or customs referred to above.

49.  That all officials had a duty to adequately train and supervise all Sheriff Administrators, deputy sheriffs, special deputy sheriffs, physicians, nurses and/or other medical personnel to obtain medical treatment, supervise and provide care and treatment to Kenneth Bell that was not grossly negligent or that amounted to a reckless indifference to life.

50.  That the COOK COUNTY DEFENDANTS herein permitted the implementation of inappropriate de facto policies which reflected or represented policies, practices and customs which deviated from acceptable standards.

9

51.     The unconstitutional conduct of the COOK COUNTY DEFENDANTS named herein implemented and executed the following policies and customs of these Defendants:

a.  Implicit authorization, approval and knowing acquiescence in the wrongful conduct by said Defendants and/or their employees, agents or ostensible agents in the treatment of inmates;

b.  The use of and acceptance of unconstitutional excessive force by the withholding of medical care which constituted punishment of those suffering serious medical conditions;

c.  Failure to discipline or terminate jail personnel known to have engaged in the use of excessive force through withholding of medical care which constituted punishment of those suffering serious medical conditions and creating an atmosphere where jail personnel believed they would not be disciplined for abusive conduct toward inmates;

d.  Failure to eliminate jail policies, practices and customs which deviate from applicable Federal and State standards for jail operations;

e.  Failure to investigate, report and follow-up on prior incidents involving the use of excessive force, withholding food, water, medication and emergency medical care by jail and medical personnel.

52.     That as a direct and proximate result of the wrongful conduct of the COOK COUNTY DEFENDANTS, as alleged herein, Kenneth Bell has suffered and will continue to suffer past, present and future conscious pain and suffering, permanent cardiac injury, total and permanent disability and past, present and future economic damages.

53.     That pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to recover attorney fees and costs of litigation for the causes of actions alleged under the Constitution and the laws of the United States.

54.     That as a proximate cause of the COOK COUNTY DEFENDANTS' acts and/or omissions, Plaintiff suffered cardiac arrest and brain damage resulting in the following:

a.  Medical and hospital expense and daily care expense past, present and future;

b.  Inhumane and tortuous conscious pain and suffering;

c.  Economic and non-economic compensatory damages;

d.    Punitive damages;

e.    Any and all other damages including but not limited to both attorney fees recoverable under 42 U.S.C. §1983 and §1988 and any and all damages otherwise recoverable under common law.

55.    Plaintiff has exhausted all administrative remedies.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter a Judgment in his favor and against the COOK COUNTY DEFENDANTS, jointly and severally, in an amount in excess of $50,000.00, and award costs, interest, and attorney fees as well as punitive and/or exemplary damages.

## COUNT II
### (ROCK ISLAND COUNTY DEFENDANTS)
Violation of Civil Rights pursuant to the Eighth and Fourteenth
Amendments of the Constitution and 42 U.S.C §§ 1983 and 1988

56.    Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

57.    That the acts and omissions of any actions by the ROCK ISLAND COUNTY DEFENDANTS in their individual and official capacities under the under the Eighth and Fourteenth Amendments to the Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of the state law and were unreasonable and performed knowingly, wantonly, recklessly, maliciously, with gross negligence, callousness, and with deliberate indifference to Kenneth Bell's well being and serious medical needs and in reckless disregard of his safety and thereby caused him to suffer the unnecessary and reckless infliction of pain and suffering by the failure to obtain medical treatment and because of which Plaintiff is entitled to compensatory and punitive damages.

11

58.     That the conduct of ROCK ISLAND COUNTY DEFENDANTS and all of their employees, agents and/or ostensible agents, were actions under the color of the state law when they deprived Plaintiff Kenneth Bell of his clearly established rights, privileges and immunities in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

59.     That the conduct of ROCK ISLAND COUNTY DEFENDANTS was pursuant to, and in execution and implementation of the color of state law and was an officially sanctioned policy, regulation or custom of each of the named Defendants.

60.     That the ROCK ISLAND COUNTY DEFENDANTS exhibited deliberate indifference, pursuant to the Eighth and Fourteenth Amendments to the Constitution, to serious medical needs, to-wit:

a.   Failure to train deputy sheriffs, correction officers and jail administrators as well as medical personnel at the County Jail in the proper determination of medical emergencies and such omitted training was in willful and wanton disregard for Kenneth Bell's serious medical needs and were grossly negligent and reckless acts.

b.   Failure to hire individuals whose character and personality would not pose a potential danger to Kenneth Bell.

c.   Failure to determine the immediate need for medical attention by both the Defendant jail personnel and the medical providers and the failure to recognize the danger of an inmate experiencing a severe medical disorder and failure to obtain proper medical attention for a prisoner whose dire condition necessitated prompt medical attention.

d.   Knowingly and recklessly hired and trained as correction officers, jail administrators, physicians, nurses and/or other medical personnel who are unable to determine serious medical conditions which render them unfit to perform the necessary duties of the position.

e.   Knowingly and recklessly failing to discipline, instruct, supervise or control correctional officers, jail personnel, physicians, nurses and/or other medical personnel conduct and thereby encouraging acts and omissions that contributed to the injuries visited upon Kenneth Bell.

f.   Recklessly, intentionally and/or willfully denying medical care to an inmate they knew needed serious medical attention.

61.    That ROCK ISLAND COUNTY DEFENDANTS, individually, or through their employees and/or agents, participated in the implementation, execution, and omission of the official policies, training, practices, regulations, and/or customs referred to above.

62.    That all officials had a duty to adequately train and supervise all Sheriff Administrators, deputy sheriffs, special deputy sheriffs, physicians, nurses and/or other medical personnel to obtain medical treatment, supervise and provide care and treatment to Kenneth Bell that was not grossly negligent or that amounted to a reckless indifference to life.

63.    That the ROCK ISLAND COUNTY DEFENDANTS herein permitted the implementation of inappropriate de facto policies which reflected or represented policies, practices and customs which deviated from acceptable standards.

64.    The unconstitutional conduct of the ROCK ISLAND COUNTY DEFENDANTS named herein implemented and executed the following policies and customs of these Defendants:

a.    Implicit authorization, approval and knowing acquiescence in the wrongful conduct by said Defendants and/or their employees, agents or ostensible agents in the treatment of inmates;

b.    The use of and acceptance of unconstitutional excessive force by the withholding of medical care which constituted punishment of those suffering serious medical conditions;

c.    Failure to discipline or terminate jail personnel known to have engaged in the use of excessive force through withholding of medical care which constituted punishment of those suffering serious medical conditions and creating an atmosphere where jail personnel believed they would not be disciplined for abusive conduct toward inmates;

d.    Failure to eliminate jail policies, practices and customs which deviate from applicable Federal and State standards for jail operations;

e.    Failure to investigate, report and follow-up on prior incidents involving the use of excessive force, withholding food, water, medication and emergency medical care by jail and medical personnel.

65.     That as a direct and proximate result of the wrongful conduct of the ROCK ISLAND COUNTY DEFENDANTS, as alleged herein, Kenneth Bell has suffered and will continue to suffer past, present and future conscious pain and suffering, permanent cardiac injury, total and permanent disability and past, present and future economic damages.

66.     That pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to recover attorney fees and costs of litigation for the causes of actions alleged under the Constitution and the laws of the United States.

67.     That as a proximate cause of the ROCK ISLAND COUNTY DEFENDANTS' acts and/or omissions, Plaintiff suffered cardiac arrest and brain damage resulting in the following:

   a.    Medical and hospital expense and daily care expense past, present and future;
   b.    Inhumane and tortuous conscious pain and suffering;
   c.    Economic and non-economic compensatory damages;
   d.    Punitive damages;
   e.    Any and all other damages including but not limited to both attorney fees recoverable under 42 U.S.C. §1983 and §1988 and any and all damages otherwise recoverable under common law.

68.     Plaintiff has exhausted all administrative remedies.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter a Judgment in his favor and against the ROCK ISLAND COUNTY DEFENDANTS, jointly and severally, in an amount in excess of $50,000.00, and award costs, interest, and attorney fees as well as punitive and/or exemplary damages.

<u>COUNT III</u>
(KANKAKEE COUNTY DEFENDANTS)
Violation of Civil Rights pursuant to the Eighth and Fourteenth
Amendments of the Constitution and 42 U.S.C §§ 1983 and 1988

69.     Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

70.     That the acts and omissions of any actions by the KANKAKEE COUNTY DEFENDANTS in their individual and official capacities under the under the Eighth and Fourteenth Amendments to the Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of the state law and were unreasonable and performed knowingly, wantonly, recklessly, maliciously, with gross negligence, callousness, and with deliberate indifference to Kenneth Bell's well being and serious medical needs and in reckless disregard of his safety and thereby caused him to suffer the unnecessary and reckless infliction of pain and suffering by the failure to obtain medical treatment and because of which Plaintiff is entitled to compensatory and punitive damages.

71.     That the conduct of KANKAKEE COUNTY DEFENDANTS and all of their employees, agents and/or ostensible agents, were actions under the color of the state law when they deprived Plaintiff Kenneth Bell of his clearly established rights, privileges and immunities in violation of the Eighth and Fourteenth Amendments of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

72.     That the conduct of KANKAKEE COUNTY DEFENDANTS was pursuant to, and in execution and implementation of the color of state law and was an officially sanctioned policy, regulation or custom of each of the named Defendants.

15

73.     That the KANKAKEE COUNTY DEFENDANTS exhibited deliberate indifference, pursuant to the Eighth and Fourteenth Amendments to the Constitution, to serious medical needs, to-wit:

a.     Failure to train deputy sheriffs, correction officers and jail administrators as well as medical personnel at the County Jail in the proper determination of medical emergencies and such omitted training was in willful and wanton disregard for Kenneth Bell's serious medical needs and were grossly negligent and reckless acts.

b.     Failure to hire individuals whose character and personality would not pose a potential danger to Kenneth Bell.

c.     Failure to determine the immediate need for medical attention by both the Defendant jail personnel and the medical providers and the failure to recognize the danger of an inmate experiencing a severe medical disorder and failure to obtain proper medical attention for a prisoner whose dire condition necessitated prompt medical attention.

d.     Knowingly and recklessly hired and trained as correction officers, jail administrators, physicians, nurses and/or other medical personnel who are unable to determine serious medical conditions which render them unfit to perform the necessary duties of the position.

e.     Knowingly and recklessly failing to discipline, instruct, supervise or control correctional officers, jail personnel, physicians, nurses and/or other medical personnel conduct and thereby encouraging acts and omissions that contributed to the injuries visited upon Kenneth Bell.

f.     Recklessly, intentionally and/or willfully denying medical care to an inmate they knew needed serious medical attention.

74.     That KANKAKEE COUNTY DEFENDANTS, individually, or through their employees and/or agents, participated in the implementation, execution, and omission of the official policies, training, practices, regulations, and/or customs referred to above.

75.     That all officials had a duty to adequately train and supervise all Sheriff Administrators, deputy sheriffs, special deputy sheriffs, physicians, nurses and/or other medical personnel to obtain medical treatment, supervise and provide care and treatment to Kenneth Bell that was not grossly negligent or that amounted to a reckless indifference to life.

16

76.     That the KANKAKEE COUNTY DEFENDANTS herein permitted the implementation of inappropriate de facto policies which reflected or represented policies, practices and customs which deviated from acceptable standards.

77.     The unconstitutional conduct of the KANKAKEE COUNTY DEFENDANTS named herein implemented and executed the following policies and customs of these Defendants:

   a.   Implicit authorization, approval and knowing acquiescence in the wrongful conduct by said Defendants and/or their employees, agents or ostensible agents in the treatment of inmates;

   b.   The use of and acceptance of unconstitutional excessive force by the withholding of medical care which constituted punishment of those suffering serious medical conditions;

   c.   Failure to discipline or terminate jail personnel known to have engaged in the use of excessive force through withholding of medical care which constituted punishment of those suffering serious medical conditions and creating an atmosphere where jail personnel believed they would not be disciplined for abusive conduct toward inmates;

   d.   Failure to eliminate jail policies, practices and customs which deviate from applicable Federal and State standards for jail operations;

   e.   Failure to investigate, report and follow-up on prior incidents involving the use of excessive force, withholding food, water, medication and emergency medical care by jail and medical personnel.

78.     That as a direct and proximate result of the wrongful conduct of the KANKAKEE COUNTY DEFENDANTS, as alleged herein, Kenneth Bell has suffered and will continue to suffer past, present and future conscious pain and suffering, permanent cardiac injury, total and permanent disability and past, present and future economic damages.

79.     That pursuant to the provisions of 42 U.S.C. §1988, Plaintiff is entitled to recover attorney fees and costs of litigation for the causes of actions alleged under the Constitution and the laws of the United States.

80.     That as a proximate cause of the KANKAKEE COUNTY DEFENDANTS' acts and/or omissions, Plaintiff suffered cardiac arrest and brain damage resulting in the following:

a. Medical and hospital expense and daily care expense past, present and future;

b. Inhumane and tortuous conscious pain and suffering;

c. Economic and non-economic compensatory damages;

d. Punitive damages;

e. Any and all other damages including but not limited to both attorney fees recoverable under 42 U.S.C. §1983 and §1988 and any and all damages otherwise recoverable under common law.

81. Plaintiff has exhausted all administrative remedies.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter a Judgment in his favor and against the KANKAKEE COUNTY DEFENDANTS, jointly and severally, in an amount in excess of $50,000.00, and award costs, interest, and attorney fees as well as punitive and/or exemplary damages.

## COUNT IV
### TRINITY MEDICAL CENTER, d/b/a TRINITY ROCK ISLAND
### (Medical Negligence)

82. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

83. At all times relevant, TRINITY, by and through its physicians, physician assistants, nurses and other health care providers, had a duty to provide its patients, including KENNETH BELL, with medical care constituent with the standard of care.

84. At all times relevant, TRINITY, by and through its physicians, physician assistants, nurses and other health care providers, each of whom were employees and/or actual or apparent agents acting within the scope of his/her authority, was careless and/or negligent in one or more of the following ways:

a. Failed to obtain a timely urological consult;

b. Failed to schedule stent replacement surgery;

18

c. Discharged Kenneth Bell in an unstable condition.

85. As a proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, TRINITY, Plaintiff, KENNETH BELL, sustained injuries of a personal and pecuniary nature, including but not limited to a permanent disability, and will continue to suffer from those injuries in the future.

86. See attached Affidavit of Michael B. Gunzburg stating that he was unable to secure a consulting report from a qualified physician prior to the expiration of the statute of limitations.

WHEREFORE, Plaintiff, KENNETH BELL, demands judgment against Defendant, TRINITY MEDICAL CENTER d/b/a Trinity Rock Island, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus the costs of this suit.

## COUNT V
### BRENT HUFFINES, PA
(Medical Negligence)

87. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

88. At all times relevant, Defendant, BRENT HUFFINES, P.A., had a duty to provide his patients, including KENNETH BELL, with medical care consistent with the standard of care.

89. At all times relevant, BRENT HUFFINES, P.A., was careless and/or negligent in one or more of the following ways:

a. Failed to obtain a timely physician consult.

90. As a proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, BRENT HUFFINES, P.A., Plaintiff, KENNETH BELL, sustained injuries of a personal and pecuniary nature, including but not limited to a permanent disability, and will continue to suffer from those injuries in the future.

91.     See attached Affidavit of Michael B. Gunzburg stating that he was unable to secure a consulting report from a qualified physician prior to the expiration of the statute of limitations.

WHEREFORE, Plaintiff, KENNETH BELL, demands judgment against Defendant, BRENT HUFFINE, P.A., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus the costs of this suit.

**COUNT VI**
**CALEB PANIAMOGAN, D.O.**
**(Medical Negligence)**

92.     Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

93.     At all times relevant, Defendant, CALEB PANIAMOGAN, D.O., had a duty to provide its patients, including KENNETH BELL, with medical care consistent with the standard of care.

94.     At all times relevant, Defendant, CALEB PANIAMOGAN, D.O., was careless and/or negligent in one or more of the following ways:

      a.  Failed to obtain a timely urological consult;

      b.  Failed to expedite stent replacement surgery;

      c.  Discharged Kenneth Bell in an unstable condition.

95.     As a proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, CALEB PANIAMOGAN, D.O., Plaintiff, KENNETH BELL, sustained injuries of a personal and pecuniary nature, including but not limited to a permanent disability, and will continue to suffer from those injuries in the future.

96.     See attached Affidavit of Michael B. Gunzburg stating that he was unable to secure a consulting report from a qualified physician prior to the expiration of the statute of limitations.

WHEREFORE, Plaintiff, KENNETH BELL, demands judgment against Defendant, CALEB PANIAMOGAN, D.O., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus the costs of this suit.

**COUNT VII**
**GHASOUB HARB, M.D. / UROLOGICAL ASSOCIATES, P.C.**
**(Medical Negligence)**

97.     Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

98.     At all times relevant, Defendants, GHASOUB HARB, M.D. and UROLOGICAL ASSOCIATES, P.C., had a duty to provide their patients, including KENNETH BELL, with medical care consistent with the standard of care.

99.     At all times relevant, Defendants, GHASOUB HARB, M.D. and UROLOGICAL ASSOCIATES, P.C., were careless and/or negligent in one or more of the following ways:

    a.  Failed to perform a timely urological consult;

    b.  Failed to expedite stent replacement surgery;

100.    As a proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendants, GHASOUB HARB, M.D. and UROLOGICAL ASSOCIATES, P.C., Plaintiff, KENNETH BELL, sustained injuries of a personal and pecuniary nature, including but not limited to a permanent disability, and will continue to suffer from those injuries in the future.

101.    See attached Affidavit of Michael B. Gunzburg stating that he was unable to secure a consulting report from a qualified physician prior to the expiration of the statute of limitations.

WHEREFORE, Plaintiff, KENNETH BELL, demands judgment Defendants, GHASOUB HARB, M.D. and UROLOGICAL ASSOCIATES, P.C., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus the costs of this suit.

**COUNT VIII**
**PRESENCE HEALTH / PRESENCE ST. MARY'S HOSPITAL**
**(Medical Negligence)**

102.    Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

103.    At all times relevant, Defendants, PRESENCE HEALTH and PRESENCE ST. MARY'S HOSPITAL, by and through its physicians, physician assistants, nurses and other health care providers, had a duty to provide their patients, including KENNETH BELL, with medical care consistent with the standard of care.

104.    At all times relevant, Defendants, PRESENCE HEALTH and PRESENCE ST. MARY'S HOSPITAL, by and through its physicians, physician assistants, nurses and other health care providers, each of whom were employees and/or actual or apparent agents acting within the scope of his/her authority, were careless and/or negligent in one or more of the following ways:

a.  Failed to obtain a timely urological consult;

b.  Failed to expedite stent replacement surgery;

c.  Discharged Kenneth Bell in an unstable condition;

d.  Failed to administer appropriate medications during the cystoscopy;

e. Failed to administer appropriate levels of sedatives during the cystoscopy;

f. Failed to adequately monitor the patient's condition during the cystoscopy;

g. Failed to timely order termination of the procedure;

105. As a proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendants, PRESENCE HEALTH and PRESENCE ST. MARY'S HOSPITAL,, Plaintiff, KENNETH BELL, sustained injuries of a personal and pecuniary nature, including but not limited to a permanent disability, and will continue to suffer from those injuries in the future.

106. See attached Affidavit of Michael B. Gunzburg stating that he was unable to secure a consulting report from a qualified physician prior to the expiration of the statute of limitations.

WHEREFORE, Plaintiff, KENNETH BELL, demands judgment against Defendants, PRESENCE HEALTH and PRESENCE ST. MARY'S HOSPITAL, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus the costs of this suit.

<u>COUNT IX</u>
BIPIN BHAYANI, M.D. / BIPIN BHAYANI, M.D., S.C.
(Medical Negligence)

107. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

108. At all times relevant, Defendants, BIPIN BHAYANI, M.D.and BIPIN BHAYANI, M.D., S.C., had a duty to provide their patients, including KENNETH BELL, with medical care consistent with the standard of care.

109. At all times relevant, Defendants, BIPIN BHAYANI, M.D.and BIPIN BHAYANI, M.D., S.C., were careless and/or negligent in one or more of the following ways:

23

a. Failed to administer appropriate antibiotics;

b. Failed to expedite stent replacement surgery;

c. Failed to ascertain that Kenneth Bell in stable condition before commencing the procedure;

d. Manipulated the stent in such a manner as to cause severe hypotension.

110. As a proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendants, BIPIN BHAYANI, M.D.and BIPIN BHAYANI, M.D., S.C., Plaintiff, KENNETH BELL, sustained injuries of a personal and pecuniary nature, including but not limited to a permanent disability, and will continue to suffer from those injuries in the future.

111. See attached Affidavit of Michael B. Gunzburg stating that he was unable to secure a consulting report from a qualified physician prior to the expiration of the statute of limitations.

WHEREFORE, Plaintiff, KENNETH BELL, demands judgment Defendants, BIPIN BHAYANI, M.D.and BIPIN BHAYANI, M.D., S.C., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus the costs of this suit.

## COUNT X
### CYLDE DAYHOFF, D.O. / THE MEDICAL GROUP OF KANKAKEE
#### (Medical Negligence)

112. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

113. At all times relevant, Defendants, CLYDE DAYHOFF, D.O. and THE MEDICAL GROUP OF KANKAKEE COUNTY, had a duty to provide its patients, including KENNETH BELL, with medical care consistent with the standard of care.

24

114. At all times relevant, Defendants, CLYDE DAYHOFF, D.O. and THE MEDICAL GROUP OF KANKAKEE COUNTY, were careless and/or negligent in one or more of the following ways:

      a.  Failed to expedite stent replacement surgery;

      b.  Discharged Kenneth Bell in an unstable condition.

115. As a proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendants, CLYDE DAYHOFF, D.O. and THE MEDICAL GROUP OF KANKAKEE COUNTY, Plaintiff, KENNETH BELL, sustained injuries of a personal and pecuniary nature, including but not limited to a permanent disability, and will continue to suffer from those injuries in the future.

116. See attached Affidavit of Michael B. Gunzburg stating that he was unable to secure a consulting report from a qualified physician prior to the expiration of the statute of limitations.

WHEREFORE, Plaintiff, KENNETH BELL, demands judgment against , Defendants, CLYDE DAYHOFF, D.O. and THE MEDICAL GROUP OF KANKAKEE COUNTY, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus the costs of this suit.

## COUNT XI
### WOO CHAN KIM, M.D.
#### (Medical Negligence)

117. Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs 1 through 42, as though set forth here in full.

118. At all times relevant, Defendant, WOO CHAN KIM, M.D., had a duty to provide its patients, including KENNETH BELL, with medical care consistent with the standard of care.

119. At all times relevant, Defendant, WOO CHAN KIM, M.D, was careless and/or negligent in one or more of the following ways:

25

a.   Failed to administer appropriate medications during the cystoscopy;

b.   Failed to administer appropriate levels of sedatives during the cystoscopy;

c.   Failed to adequately monitor the patient's condition during the cystoscopy;

d.   Failed to timely order termination of the procedure;

120.   As a proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, WOO CHAN KIM, M.D., Plaintiff, KENNETH BELL, sustained injuries of a personal and pecuniary nature, including but not limited to a permanent disability, and will continue to suffer from those injuries in the future.

121.   See attached Affidavit of Michael B. Gunzburg stating that he was unable to secure a consulting report from a qualified physician prior to the expiration of the statute of limitations.

WHEREFORE, Plaintiff, KENNETH BELL, demands judgment against Defendant, WOO CHAN KIM, M.D., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus the costs of this suit.


_____
One of the Attorneys for Plaintiff

SUSAN E. LOGGANS & ASSOCIATES, P.C.
222 North LaSalle Street, Suite 460
Chicago, IL 60601
312-201-8600
Firm I.D. No. 21683
thefirm@logganslaw.com

26

STATE OF ILLINOIS    )
                            ) SS.
COUNTY OF            )

IN THE CIRCUIT COURT OF __COOK__ COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KENNETH BELL | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) NO. |
| | ) |
| THOMAS J. DART, COOK COUNTY | ) |
| SHERIFF, COUNTY OF COOK, et al. | ) |
| Defendant(s) | ) |

## RULE 222 AFFIDAVIT

I/We, ___Kenneth Bell___ , being first duly sworn on oath depose and state as follows:

1. I/We am/are the plaintiff(s) in the above entitled cause of action.
2. The total money damages sought in the above cause of action will exceed the amount of $50,000.

X _Kenneth Bell_

SUBSCRIBED AND SWORN to before me
This 19ᵗʰ day of Sept. , 2016 .

_Patricia A. Gargano_
NOTARY PUBLIC

"OFFICIAL SEAL"
PATRICIA A. GARGANO
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 5/22/2019

SUSAN E. LOGGANS & ASSOCIATES, P.C.
222 North LaSalle Street, Suite 460
Chicago, IL 60601
312-201-8600
#21683

STATE OF ILLINOIS      )
                        ) SS
COUNTY OF COOK     )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KENNETH BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )    NO. |
| THOMAS J. DART, COOK COUNTY SHERIFF, | ) |
| COUNTY OF COOK, et al. | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF PLAINTIFF'S ATTORNEY

I, MICHAEL B. GUNZBURG, being first duly sworn on oath depose and state as follows:

This matter is being filed pursuant to 735 ILCS 5/2-622(a)(2) because the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. A physician's report will be provided within 90 days.

_____
MICHAEL B. GUNZBURG

SIGNED AND SWORN to before me
this 23nd day of September, 2016

_____
NOTARY PUBLIC

```
"OFFICIAL SEAL"
PATRICIA A. GARGANO
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 5/22/2018
```